It appears from the case, that the lessor of the Plaintiff is the grand-daughter and heir at law of Michael Hill, who was seized in fee-tail of the land in (55) question. Michael Hill, for a valuable consideration, conveyed the land by deed of bargain and sale to John Hill in fee simple. It is admitted that real assets descended from Michael Hill to his issue in tail of greater value than the land in dispute.
If tenant in tail release to his disseisor, and bind himself and his heirs to warranty, and die, and this warranty descend to his issue, it is a discontinuance by reason of the warranty. (Littleton, sec. 601.) Lord Coke, in his Commentary on this section of Littleton, says, "The reason why the addition of the warranty in this case maketh a discontinuance, is that which has been said, to-wit: If the issue in tail should enter, the warranty (which is so much favored in law) would be destroyed; and therefore to the end if assets in fee simple do descend, he to whom the release is made may plead the same, and bar the demandant; by which means all rights and advantages are saved. (Co. Lit., 328, b.) It is by virtue of the warranty, with assets descended, that a discontinuance is effected, whether the conveyance be by bargain and sale, lease and release, or release to a disseisor.
It is said, if the clause in the deed from Michael Hill to John Hill had been in the words following, to-wit: "I, the said Michael Hill, for myself and my heirs, do warrant, c." they would certainly have made a warranty; but that the clause as it stands is not warranty; that there is only a covenant to warrant which has not the operation in law to work a discontinuance. I know of no distinction, in a deed which conveys the fee, between *Page 46 
a warranty and a covenant to warrant and defend, if the heirs be bound. What is a warranty? Lord Coke says "a warranty is a covenant real annexed to lands or tenements, whereby aman and his heirs are bound to warrant the same; and either upon voucher, or by judgment in a writ of warrantia chartae, to yield other lands and tenements to the value of those (56) evicted by a former title, or else may be used by way of rebutter. (Co. Lit., 365, a.) So "I and my heirs shallwarrant," c., doth create a warranty. (Ibid, 384, a. Wood's Conveyancer, 573.) Littleton says "that this word and verb warrantizo
maketh the warranty, and is the cause of warranty, and no other word in our law." But he has not confined us down to any particular part of this verb; he has not pointed out the mood or tense, which shall be used in the warranty clause of a deed. In the present case the words "covenant andengage to warrant," c., are as clear a declaration of the intention of the parties, as the words "I and my heirs shall warrant, " which we have seen is a warranty good in law. Lord Hardwicke labored to make the case ofWilliamson v. Codrington, (1 Ves., 512) a personal covenant; but he does not intimate an opinion that it might not have well been construed a warranty. In Minge v. Gilmore, 2 N.C. 279, the clause of the deed from Minge to Gilmore is very much like the one now under consideration. In this case it was held to be a warranty, which barred the tenant in tail. This was so determined in the State Courts, and also in the Federal Court. I think a new trial should be granted.